**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000753**
**04-JUN-2026**
**08:08 AM**
**Dkt. 49 SO**

NO. CAAP-24-0000753

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DADO LUCAS LUCERO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DTC-24-000447)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Leonard and Hiraoka, JJ.)

The District Court of the Third Circuit, South Kohala Division, found Dado Lucas **Lucero** guilty of excessive speeding in violation of Hawaii Revised Statutes (**HRS**) § 291C-105(a)(2).[1] Lucero appeals. We affirm.

HRS § 291C-105 (2020) provides:

> (a)  No person shall drive a motor vehicle at a speed exceeding:
>
> . . . .
>
> (2)  Eighty miles per hour or more irrespective of the applicable state or county speed limit.

Lucero's single point of error challenges sufficiency of the evidence. The State had to prove he "acted intentionally, knowingly, or recklessly." State v. Gonzalez, 128 Hawaiʻi 314, 324, 288 P.3d 788, 798 (2012). Lucero argues the State failed to prove that "driving at 92 mph in a 60 mph zone, under the circumstances of being followed by an unmarked car late at night

---

[1]  The Honorable Jill M. Hasegawa presided.

on a remote road constituted a gross deviation from the conduct of a law-abiding person, as required to satisfy the state of mind requirement for a violation" of HRS § 291C-105(a)(2).

When sufficiency of the evidence is challenged, "evidence adduced in the trial court must be considered in the strongest light for the prosecution[.]" State v. Calaycay, 145 Hawaiʻi 186, 196, 449 P.3d 1184, 1194 (2019). In a bench trial, "the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." Id.

The "unmarked car" that followed Lucero was driven by Hawaiʻi County Police Department officer Laurence **Davis**, who was conducting enforcement for "speeders and DUI suspects on Daniel K. Inouye Highway[.]" He saw a vehicle ahead of him "accelerating away from the (Inaudible) traffic." It took him "several miles to catch up to the defendant." He testified, "I tracked him for a couple miles because I was looking for patterns of maybe an intoxicated driver." "He was just going straight. But he got up to 92. That's when I merged behind him and decided to turn on my lights."

After Officer Davis stopped Lucero, he told him "the reason I stopped you is you were going 92 in a 60 mile-an-hour zone. Is there any reason for this?" Lucero "said something like I thought you were chasing me."

Lucero testified he didn't know Officer Davis was a police officer "until he put on his blue lights." Before that, "He was very close. He was like on my bumper. And that's what got me riled up and, you know, concerned." He testified, "I cannot defend myself now I'm disabled." "I was thinking, you know, I need to get away from him and pull over and confront him. As soon as I sped up a little bit and tried to pull over again, he put on his blue lights."

HRS § 702-206 (2014) provides this definition:

> (3) "Recklessly."
>
> (a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.

2

. . . .

> (d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

Considered in the strongest light for the prosecution, Calaycay, 145 Hawaiʻi at 196, 449 P.3d at 1194, the evidence was sufficient to show Lucero recklessly disregarded the risk that he was driving his car at a speed exceeding eighty miles per hour, and that disregard of that risk was a gross deviation from the standard of conduct that a law-abiding person would observe under the circumstances of the case.

The October 4, 2024 *Judgment After Trial De Novo & Notice of Entry of Judgment* is affirmed.

DATED: Honolulu, Hawaiʻi, June 4, 2026.

On the briefs:

Edward J. Fetzer,
for Defendant-Appellant
Dado Lucas Lucero.

Kelden B.A. Waltjen,
Prosecuting Attorney,
Charles E. Murray III,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee
State of Hawaiʻi.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge